1
2
3
4
5

Derek H. Lim (Bar No. 209496)
Shannon E. Mallory (Bar No. 285569)
**DEMLER, ARMSTRONG & ROWLAND, LLP**
1990 N. California Boulevard, Eighth Floor
Walnut Creek, CA 94596
Telephone:    (415) 949-1900
Fax:          (415) 354-8380
E-mail:       lim@darlaw.com
              mal@darlaw.com

6
7

Attorneys for Defendant
C.R. ENGLAND, INC.

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

10

11  JEFFREY NGUYEN, an individual,                    ) Case No.
                                                      )
12                     Plaintiff,                     ) [Sacramento County Superior Court Case No.
                                                      ) 34-2022-00316674]
13               vs.                                  )
                                                      ) **C.R. ENGLAND, INC.'S NOTICE OF**
14  C.R. ENGLAND, INC., a corporation,                ) **REMOVAL OF ACTION TO FEDERAL**
    TYRONE DUNCAN, an individual; and                 ) **COURT UNDER 28 U.S.C. SECTION**
15  DOES 1 through 50, inclusive,                     ) **1141(b) DIVERSITY**
                                                      )
16                     Defendants.                    ) **JURY TRIAL DEMANDED**
                                                      )
17                                                    ) Complaint Filed:   March 10, 2022
                                                      ) Trial Date:        Not Yet Set
18  _____          )

19  **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

20          PLEASE TAKE NOTICE that Defendant C.R. ENGLAND, INC. ("CRE") hereby

21  removes to this court the state court action described below.

22                        **I.  STATEMENT OF JURISDICTION**

23          1.      This civil action involves parties who are citizens of different states and the

24  amount in controversy exceeds $75,000; therefore, this Court has original jurisdiction under 28

25  U.S.C. section 1332 and CRE may remove this matter to this Court pursuant to 28 U.S.C. section

26  1441(b).

27          2.      Here, as shown below, diversity jurisdiction exists because the amount in

28  controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of

1

citizenship.  Plaintiff JEFFREY NGUYEN ("Plaintiff") is a citizen of the State of California and no defendant is a citizen of the State of California.  CRE was and is a corporation incorporated under the laws of the State of Utah and having its principal place of business in the State of Utah. Defendant TYRONE DUNCAN ("Duncan") is a citizen of the State of South Carolina.

## II.  STATUS OF PLEADINGS

3.      On or about March 10, 2022, Plaintiff filed an unverified Complaint in the Superior Court of the State of California, County of Sacramento ("Superior Court"), titled *Jeffrey Nguyen v. C.R. England, Inc., Tyrone Duncan, and Does 1-50*, Case No. 34-2022-00316674. (Declaration of Derek H. Lim in Support of Notice of Removal ("Lim Decl.") ¶2, **Exhibit A**.) The Complaint alleges causes of action for (1) motor vehicle and (2) general negligence arising from an alleged motor vehicle accident on February 5, 2020 on northbound I-5 in the City of Sacramento.  (*Id.*)  Plaintiff further alleges that the named defendants "negligently and recklessly owned, entrusted, operated and maintained defendants' vehicle."  (*Id.*)  By way of the Complaint, Plaintiff alleges personal injuries and seeks damages for wage loss, loss of use of property, hospital and medical expenses, general damages, property damages, loss of earning capacity, and future loss of earnings and future medical expenses for interest as permitted by law.  (*Id.*)

4.      On August 23, 2022, Plaintiff served CRE with the Complaint.  (Lim Decl. ¶3.)

5.      As of the filing of this notice, Duncan has not been served and Duncan has not filed any responsive pleading in the Superior Court action.  (Lim Decl. ¶4.)

6.      CRE is contemporaneously filing an Answer to Plaintiff's Complaint in the Superior Court action.  (Lim Decl. ¶5, **Exhibit B**.)

7.      No discovery has been propounded in the Superior Court by any party. (Lim Decl. ¶6.)

8.      According to the Superior Court's online docket, an initial Case Management Conference has been set for June 16, 2023.  (Lim Decl. ¶7.)

///

2

### III.  <u>COMPLETE DIVERSITY OF CITIZENSHIP EXISTS HERE</u>

9.     Plaintiff's Complaint does not allege Plaintiff's citizenship.  (Lim Decl. ¶ 2, **Exhibit A**.)  However, according to the relevant Traffic Collision Report ("TCR"), Plaintiff was domiciled in the State of California at the time of the alleged acts set forth in the Complaint and had a California driver's license.   (Lim Decl. ¶8, **Exhibit C**.)

10.     The Complaint does not allege the citizenship of CRE.  (Lim Decl. ¶2, **Exhibit A**.)  CRE was, at the time of the filing of the above-entitled action, and still is, a business entity incorporated under the laws of the State of Utah, and has its principal place of business in Utah.  (Lim Decl. ¶¶9-10, **Exhibits D-E**.)  For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business.  (28 U.S.C. §§1332(c)(1), 1441.)  CRE is thus a citizen of Utah for purposes of diversity jurisdiction, and not a citizen of California.

11.     Plaintiff's Complaint does not allege Duncan's citizenship.   (Lim Decl. ¶2, **Exhibit A**.)  According to the TCR, Duncan was domiciled in the State of South Carolina at the time of the alleged acts set forth in the Complaint and had a South Carolina driver's license. (Lim Decl. ¶8, **Exhibit C**.)  For purposes of diversity jurisdiction, Duncan is a citizen of South Carolina, and not a citizen of California.

12.     Plaintiff has sued "Doe" defendants in this matter.  (Lim Decl. ¶2, **Exhibit A**.)  CRE is informed and believes that Plaintiff has not identified or served any of these fictitious defendants.  Pursuant to 28 U.S.C. § 1441(a), the citizenship of these "Doe" defendants shall be disregarded for purposes of removal.

13.     Pursuant to the above, complete diversity of citizenship exists in that: Plaintiff is a citizen of the State of California; CRE was and still is a business entity incorporated under the laws of the State of Utah, having its principal place of business in Utah; and Duncan is a citizen of the State of South Carolina.

## IV.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

14.  The Complaint is unclear as to the amount of damages sought by Plaintiff.  (Lim Decl. ¶2, **Exhibit A**.)

15.  While CRE denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied here because "it is more likely than not" that the amount exceeds the $75,000 jurisdictional minimum.  (*Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 404.)  The amount in controversy is determined by the compensatory damages, including general and special damages, punitive damages, and attorney's fees alleged in the complaint. (*Meisel v. AllState Indem. Co.* (E.D. Cal. 2005) 357 F. Supp. 2d 1222, 1225; *Anthony v. Security Pac. Fin. Servs., Inc.* (7th Cir. 1997) 75 F. 3d 311, 315; *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-56.)  Moreover, the notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions."  (*Dart Cherokee Basin Operating Co., LLC v. Owens* (2014) 574 U.S. 81, 81.)

16.  In the Complaint, Plaintiff alleges that Plaintiff's vehicle was struck with "such force as to cause severe property damage to Plaintiff's vehicle" and "severe bodily injury, and intense pain and suffering."  (Lim Decl. ¶2, **Exhibit A**.)

17.  Further, Plaintiff's counsel has represented that Plaintiff's past medical expenses exceed $150,000.  (Lim Decl. ¶11.)  This claimed sum alone is in excess of the $75,000 jurisdictional minimum.

## V.  TIMELINESS OF REMOVAL

18.  On August 23, 2022, Plaintiff served CRE with the Complaint.  (Lim Decl. ¶3.) As of the filing of this notice, Duncan has not been served.  (Lim Decl. ¶4.)  This Notice of Removal is timely filed under 28 U.S.C. section 1446(b) in that it is filed within thirty (30) days after CRE was served with the Complaint.

///

///

///

4

## VI.  <u>VENUE IS PROPER</u>

19.    Venue of this removed action is proper under 28 U.S.C. § 1441(a) because this court is the United States District Court for the district and division corresponding to the place where the Superior Court action commenced.

## VII.  <u>NOTICE TO PLAINTIFF</u>

20.    CRE's Notice to Adverse Party of Notice of Removal is being contemporaneously filed in the Superior Court action.  (Lim Decl. ¶12, **Exhibit F**.)

21.    Pursuant to the provisions of 28 U.S.C. section 1446, CRE attaches herewith and incorporates herein by reference, copies of the following documents from the Superior Court:

    a.   Complaint.  (Lim Decl. ¶2, **Exhibit A**.)

    b.   Notice to Adverse Party of Notice of Removal of Action to Federal Court Under 28 U.S.C. Section 1441(b) Diversity.  (Lim Decl. ¶12, **Exhibit F**.)

## VIII. <u>CONCLUSION</u>

**WHEREFORE**, CRE prays that the above-entitled action, currently pending in the Superior Court, be removed there from to the United District Court for the Eastern District of California (Sacramento Division), and that this action proceed in this court as an action properly removed thereto.

Dated: September 22, 2022

DEMLER, ARMSTRONG & ROWLAND, LLP

_____

Derek H. Lim
Attorneys for Defendant
C.R. ENGLAND, INC.